IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT WESTBERRY, and JARED STUBBLEFIELD, Individually, and on behalf of all others similarly situated under 29 USC 216(b)<br><br>    *Plaintiffs,*<br><br>v.<br><br>GUSTECH COMMUNICATIONS, LLC, and GUSTAVO SANTAMARIA, Individually<br><br>    *Defendants.* | Civil Action No. _____ |

## COMPLAINT

Robert Westberry and Jared Stubblefield (collectively, "Plaintiffs") individually and on behalf of similarly situated individuals, upon personal knowledge as to themselves, and upon information and belief as to other matters, bring suit against GusTech Communications, LLC ("GusTech") and Gustavo Santamaria ("Santamaria") to recover unpaid minimum wage and overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 – 219 ("FLSA").

### I.    INTRODUCTORY STATEMENT

1.    This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") by Plaintiffs, on behalf of themselves and all others similarly-situated. *See* 29 U.S.C. § 216(b).

2.  Plaintiffs and Class Members (collectively, SSTs) are those persons who are current and former non-exempt employees who were employed by Gustech and Santamaria (collectively, "Defendants") as satellite service and repair technicians ("SSTs").

3.  Congress passed the FLSA in 1938 in an attempt to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of living. The FLSA seeks to achieve these goals by providing a minimum wage, the prohibition of more than forty (40) hours in a single workweek without the payment of a premium or "overtime," as well as other protections for employees. The FLSA did not prohibit overtime, but rather, by imposing a premium rate for overtime, the FLSA discouraged working employees for longer than forty (40) hours in a single workweek. *See Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 577-78 (1942).

4.  Defendants misclassified Plaintiffs and Class Members as "Independent Contractors," when in fact, they were Defendants' employees.

5.  Defendants paid Plaintiffs and Class Members a piece rate to perform installations and services.

6.  The piece rate paid by Defendants to Plaintiffs and Class Members was less than the federally mandated minimum wage of $7.25 per hour.

7.  Plaintiffs and Class Members, who were employees of Defendants, routinely worked for Defendants in excess of forty (40) hour per workweek.

8.  However, Defendants' failed to pay Plaintiffs and Class Members

overtime at the rate of one-and-one-half their regular rates for all hours worked in excess of forty (40) per workweek as required by the FLSA.

9. Plaintiffs and Class Members did not (and do not) perform work that meets the definition of exempt work under the FLSA.[1]

10. Accordingly, Plaintiffs and Class Members bring this collective action to recover all unpaid overtime, liquidated damages, attorneys' fees, and costs under Section 216(b) of the FLSA.

11. Plaintiffs also pray that all similarly situated workers (Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.   PARTIES

12. Plaintiff Robert Westberry ("Westberry") is an individual, who was employed by Defendants within the three (3) years preceding the filing of this lawsuit. Mr. Westberry's consent is attached to this Complaint as "*Exhibit A.*"

13. Plaintiff Jared Stubblefield ("Stubblefield") is an individual, who was employed by Defendants within the three (3) years preceding the filing of this lawsuit. Mr. Stubblefield's consent is attached to this Complaint as "*Exhibit B.*"

14. Class Members are those current and former SSTs who were employed by Defendants in the past three (3) years, and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid—specifically, all other SSTs

---

[1] The FLSA exemptions are narrowly construed against coverage and the burden of proof to establish the exemption lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

who were misclassified as "Independent Contractors" and paid a set rate for services they performed, which is less than the federally mandated $7.25 per hour, and no overtime.

15. Defendant GusTech Communications, LLC ("GusTech") is a South Carolina limited liability company, with its principal place of business in Fort Mill, South Carolina. Defendant is not authorized to do business in Texas and therefore, pursuant to CPRC § 17.044, Defendant can be served with process by serving the Texas Secretary of State at P.O. Box 12079, Austin, Texas 78711. The Secretary of State should direct notice of suit to Defendant's business address at 1974 Carolina Place Dr., Unit 112, Fort Mill, South Carolina 29708.

16. Defendant, Gustavo Santamaria, is an individual and citizen of the State of South Carolina. Within the meaning of the FLSA, Santamaria acts directly or indirectly in the interest of an employer with respect to its employees by suffering or permitting them to work and making managerial and strategic decisions affecting employees, including decisions affecting employee compensation. Defendant Santamaria can be served with process by serving the Texas Secretary of State at P.O. Box 12079, Austin, Texas 78711. The Secretary of State should direct notice of suit to Defendant's business address at 1974 Carolina Place Dr., Unit 112, Fort Mill, South Carolina 29708.

### III.    JURISDICTION AND VENUE

17. This Court has federal question jurisdiction over the subject matter of this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. 216(b) and

28 U.S.C. §§ 1331, 1337.

18. This Court has personal jurisdiction over Defendants because Defendants have purposefully availed itself of the laws of the State of Texas by providing services in Texas as part of the stream of commerce and employing Texas residents. Defendants also maintain a physical presence in Garland, Texas.

19. Under 28 U.S.C. § 1391(b) venue is proper in the Northern District because a substantial part of the events or omissions giving rise to this claim occurred in Dallas County Texas within the Northern District of Texas.

20. Specifically, Defendants maintain a business and working presence throughout North Texas and Plaintiffs worked, in part, at Defendants' location in Dallas County, Texas, which is within this District and Division.

## IV. FLSA COVERAGE

21. At all times mentioned, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and Class Members.

22. At all times mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. At all times mentioned, Defendants has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

24. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b)

employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level, which are separately stated).

25.     At all times hereinafter mentioned, Plaintiffs and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324 (5th Cir. 1993).

26.     Specifically, Plaintiffs and Class Members are (or were) non-exempt employees who worked as SSTs for Defendants. Further, Plaintiffs and Class Members have handled materials and goods that have been moved or produced in interstate commerce, which Defendants purchased or used in its business operation.

### V.     FACTUAL ALLEGATIONS RELATING TO FLSA VIOLATIONS

27.     The primary duty of Plaintiffs and Class Members is the installation and service of satellite TV systems and equipment.

28.     During an initial training period of approximately one month, GusTech did not pay Plaintiffs and Class Members any wages, or in some instances, paid a flat, set-rate of pay for the entire training period.

29.     After the training period is completed, Plaintiffs and Class Members are paid on a piece-rate basis for performing specific tasks, such as installing receivers, relocating receivers, replacing receivers, installing outlets, and performing other installation or service jobs.

30. Plaintiffs and Class Members travel to and from each job assignment in a private vehicle.

31. The vehicles referenced in Paragraph 30 weigh less than 10,001 lbs.

32. If an installation or service is performed, Plaintiffs and Class Members are required to close out the completed job through a central call center.

33. Plaintiffs and Class Members are not compensated for time spent at job sites at which an installation or service is not completed.

34. Prior to the first installation or service call of the day, Plaintiffs and Class Members are required to sort and route work orders by location, contact customers to schedule the installation or service, load equipment and supplies into a service vehicle, and drive to the first installation or service locations.

35. Following the last installation or service call of the day, Plaintiffs and Class Members are required to drive to their residences or GusTech's office, contact the call center to close out any jobs that remain open and complete records related to the service or installation activities performed during the day.

36. On a weekly basis, Plaintiffs and Class Members are required to attend meetings with supervisors at Defendants' business location in Garland, Texas.

37. SSTs are not compensated for the duties described in paragraphs 33-36.

38. Plaintiffs and Class Members were, at all times, integrated into Defendants' business operations.

39. Among other things, Plaintiffs and Class Members were required by Defendants to wear a logoed shirt, wear a logoed hat, and place a magnet on their

personal vehicles, which stated, "Authorized Installer."

40. At all times, Defendants had the right to control Plaintiffs and Class Members' rate of pay, work schedule, and the details of how Plaintiffs and Class Members carried out their work on behalf of Defendants.

41. Plaintiffs and Class Members are not paid any additional wages by Defendants to respond to service calls within ninety (90) days after the initial installation.

42. Plaintiffs and Class Members are required to pay for upkeep on their own personal vehicles, all gasoline used to drive to customer's homes, and for their cell phone and cell phone service.

43. Plaintiffs and the Putative Class Members' daily and weekly activities are routine and largely governed by standardized plans, procedures, and checklists created by Defendants.

44. Virtually every job function is pre-determined by Defendants, including the tools to use at a job site, the schedule of work, and related work duties.

45. Plaintiffs and Class Members are blue-collar workers. They rely on their hands and physical skills to perform the tasks assigned by Defendants.

46. Plaintiffs and Class Members' duties did not include managerial responsibilities or the exercise of independent discretion or judgment.

47. Plaintiff and Class Members did not have the authority to hire or fire other employees, and they are not responsible for making hiring or firing recommendations.

48. During their employment, Plaintiffs and Class Members regularly worked ten (10) or more hours in a single day.

49. Plaintiffs and Class Members must also be available to respond to service calls twenty-four (24) hours a day and return to customer's homes at any time for ninety (90) days following the initial installation.

50. Plaintiffs and Class Members are not compensated for any return visits to customer's homes within the ninety (90) days following the initial installation.

51. Plaintiffs and Class Members regularly worked more than forty (40) hours in a single workweek.

52. However, Defendants did not, and does not, pay Plaintiffs and Class Members time and one half their regular rate for the hours worked over forty (40) in a single workweek.

53. Instead, Defendants pay Plaintiffs and Class Members per each job they complete.

54. Defendants have a policy and practice of making chargebacks and deductions from compensation earned by Plaintiffs and Class Members for certain events, including, but not limited to, jobs that require a return visit by another technician (referred to as repeat service calls), failing to ground satellites, failing to call customer service when running behind on a scheduled installation or service job, damage to a customer's property, lost or damaged inventory, and equipment necessary for the installation and service. These chargebacks and deductions are referred to as "Sin30s" and "Sin90s" depending on the specific deduction.

55. SSTs are not paid minimum wages for all hours worked, and are subjected to a policy and practice of chargebacks and deductions that result in the failure to pay minimum wage.

56. Plaintiffs and Class Members have complained to Defendants' management about its failure to adequately compensate them for their services at the minimum wage and overtime rates set by federal law.

57. During the three-year period prior to this suit, Defendants have employed individuals who performed similar job duties under a similar payment scheme as used to compensate Plaintiffs.

58. Defendants employed Plaintiffs and Class Members within the three (3) year period preceding the filing of this lawsuit and did not pay Plaintiff's and Class Members for any hours worked over forty (40) in a workweek.

59. Defendants have violated the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay Plaintiffs and Class Members, employees, wages at rates not less than the federal minimum wage for their work in an enterprise engaged in commerce or the production of goods for commerce.

60. Defendants' method of paying Plaintiffs and Class Members in violation of the FLSA was willful and was not based on good faith and reasonable belief that its conduct complied with the FLSA. A three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

61. Defendants are an employer subject to the provisions of the FLSA and therefore violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that

they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. Specifically, Defendants failed to maintain a weekly record of hours worked, failed to record overtime hours, i.e., hours worked more than forty hours in a workweek, and failed to record the correct overtime rate of pay for such hours.

## VI.     COLLECTIVE ACTION ALLEGATIONS

62.     Paragraphs 1 – 61 are incorporated herein as if set forth in full.

63.     Plaintiffs (the "Collective Action Representatives") bring this FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "Collective Action"). In addition to the claims of the individually named Plaintiffs, Plaintiffs bring this action as representatives of all similarly-situated former and current employees of Defendants. The proposed collective of similarly situated employees ("Class Members") sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as:

> **All satellite service and repair technicians who worked for GusTech Communications, LLC at any time within the three (3) year period preceding the filing of this lawsuit through the final disposition of this matter, and were classified as independent contractors and did not 1) receive the federally mandated minimum wage of $7.25 an hour for every hour worked; or 2) receive overtime at one-and-one-half the regular rate for all hours worked over forty (40) in each workweek.**

64.     FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

65. Plaintiffs, individually and on behalf of other similarly-situated employees, seek relief on a collective basis challenging, among other FLSA violations, the following: Defendants' failure to pay employees overtime compensation.

66. Plaintiffs are aware of other employees who work for Defendants who were paid in the same unlawful manner as Plaintiffs. Plaintiffs are aware that the illegal practices or policies of Defendants have been uniformly imposed on the Class Members.

67. Plaintiffs and the Class Members have the same pay structure and have similar job duties. Plaintiff and Class Members are all victims of Defendant's unlawful practices.

68. Plaintiffs and the Class Members are all non-exempt for purposes of overtime pay under the FLSA.

69. Defendants' failure to pay overtime compensation pursuant to the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members. Plaintiffs' experience regarding pay is typical of the experiences of the Class Members.

70. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The Class Members' claims arise from a common nucleus of facts. Specifically, Defendants' systematic course of wrongful conduct caused harm to Plaintiffs and the Class Members that supports Defendants' FLSA liability.

### VII. CAUSE OF ACTION NO. 1: FAILURE TO PAY MINIMUM WAGE IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

71. Paragraphs 1 – 70 are incorporated herein as if set forth in full.

72. At all material times, Plaintiffs and Class Members have been employees of Defendants.

73. Plaintiffs and Class Members were non-exempt from the minimum wage in their positions as SSTs.

74. Defendants did not make, keep, or preserve records of the hours worked by SSTs, as required for non-exempt employees. *See* 29 U.S.C. §§ 206 and 211(c).

75. During the relevant period, Defendants have violated and are violating the provisions of Section 6 of the FLSA, 29 U.S.C. § 206, 215(a)(2), by employing Plaintiffs and Class Members in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, by failing to pay such employees at the federally mandated rate of $7.25 per hour every hour worked in a workweek.

76. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants, Plaintiffs, or Class Members.

### VIII. CAUSE OF ACTION NO. 2: FAILURE TO PAY OVERTIME IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

77. Paragraphs 1 – 70 are incorporated herein as if set forth in full.

78. At all material times, Plaintiffs and Class Members have been employees of Defendants.

79. Plaintiffs and Class Members were non-exempt employees in their positions as SSTs.

80. Defendants did not make, keep, or preserve records of the hours worked by SSTs, as required for non-exempt employees. *See* 29 U.S.C. §§ 207 and 211(c).

81. During the relevant period, Defendants have violated and are violating the provisions of Section 7 of the FLSA, 29 U.S.C. § 207, 215(a)(2), by employing Plaintiffs and Class Members in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, by failing to pay such employees at a rate of not less than one-and-one-half times their regular rate for every hour worked over forty (40) in a workweek. Plaintiffs and Class Members' regular rate must include all compensation, bonuses, and other remuneration paid by Defendants for purposes of calculating the overtime rate. *See* 29 C.F.R. 778.208.

82. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required overtime rate are applicable to Defendants, Plaintiffs, or Class Members.

## IX.     JURY DEMAND

83. Plaintiffs request a trial by jury.

## X.     DAMAGES SOUGHT

84. Plaintiffs and Class Members are entitled to recover compensation for the hours worked in which Plaintiffs and Class Members were not paid at the federally mandated minimum wage rate.

85. Plaintiffs and Class Members are entitled to recover compensation for the hours worked over forty (40) in a workweek, but for which Plaintiffs and Class Members were not paid at one-and-one-half times their regular rate.

86. Plaintiffs and Class Members are also entitled to an amount equal to all of the unpaid wages and fees as liquidated damages as Defendants' actions were not based upon good faith. *See* 29 U.S.C. § 216(b).

87. Plaintiffs and Class Members are entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## XI. PRAYER

For these reasons, Plaintiffs and Class Members respectfully request that judgement be entered in their favor, against Defendants, joint and severally, awarding Plaintiffs and Class Members the following relief:

a. For an Order pursuant to Section 216(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join in the suit); and

b. For an Order pursuant to Section 216(b) of the FLSA finding Defendants liable for Plaintiffs (and those who may join in the suit) attorneys' fees and costs; and

c. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Drew N. Herrmann*
Drew N. Herrmann
Texas Bar No. 24086523
drew@herrmannlaw.com
**HERRMANN LAW, PLLC**
777 Main St., Suite 600
Fort Worth, Texas 76102

(817) 479-9229 – telephone
(817) 887-1878 – fax

**ATTORNEYS FOR PLAINTIFFS AND CLASS MEMBERS**

# Exhibit A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF

Name: _Robert Westberry_

1. I, Robert Westberry, consent and agree to pursue a claim under the Fair Labor Standards Act against my employer(s) for claims of unpaid overtime during my employment.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act. I hereby consent, agree and opt-in to become a plaintiff and be bound by any judgment of the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. In that case, I also designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4. I designate the law firm and attorneys at Herrmann Law, PLLC to prosecute my wage claims.

5. In the event the case is certified and then decertified, I authorize Herrmann Law, PLLC to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature): _____    Dated: _10/26/17_

Exhibit A

# Exhibit B

Exhibit B

# NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF

Name: _Jared Stubblefield_

1. I consent and agree to pursue a claim under the Fair Labor Standards Act against my employer(s) for claims of unpaid overtime during my employment.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act. I hereby consent, agree and opt-in to become a plaintiff and be bound by any judgment of the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. In that case, I also designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4. I designate the law firm and attorneys at Herrmann Law, PLLC to prosecute my wage claims.

5. In the event the case is certified and then decertified, I authorize Herrmann Law, PLLC to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature): _[signature]_     Dated: _10/26/17_

Exhibit B